Filed 08/21/24

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-01396

| Matthew Smedy v State of Vermont et al |
|---|

## Opinion and Order on Emergency Motion to Reopen

This case is a Vt. R. Civ. P. 74 appeal in which Vermont inmate Matthew Smedy challenged a Department of Corrections ("DOC") case-staffing decision concerning a one-year interrupt of his furlough, pursuant to 28 V.S.A. § 724. The case-staffing decision was predicated on Mr. Smedy's admission of guilt and waiver of the revocation hearing. Following a hearing on appeal, the Court was unable to conclude that the admission and waiver were knowing and voluntary, vacated the one-year interrupt, and remanded the case for a new revocation hearing to be conducted promptly.

Mr. Smedy then filed a motion requesting that the Court reopen this Section 724 proceeding and modify the judgment to include an order compelling the DOC on remand to permit Mr. Smedy to be represented by counsel at the new revocation hearing. Mr. Smedy assumes that the DOC, in fact, will proceed with the hearing on remand rather than immediately releasing him on furlough, and he predicts that, based on its policies, the DOC will not permit representation by counsel. He claims a due process right to representation by counsel at the revocation hearing.

Mr. Smedy's post-judgment request is outside the scope of the current proceeding. To be reviewed in Court, such an issue must be properly preserved in an exhausted administrative proceeding. "[T]o properly preserve an issue, a party must present the

issue to the administrative agency 'with specificity and clarity in a manner which gives the [agency] a fair opportunity to rule on it.'" *Pratt v. Pallito*, 2017 VT 22, ¶ 16, 204 Vt. 313, 319. Mr. Smedy's certainty about what will happen in the future is insufficient. The matter must be put to the DOC before the Court can review it.

Moreover, there is at least a substantial question as to whether the issue would fall within the scope of a *de novo* proceeding under 28 V.S.A. § 724. In such a case, the Court is primarily determining whether the length of the furlough interrupt imposed by the DOC as a consequence of the furlough violation is an abuse of discretion under 28 V.S.A. § 724(d). Section 724 appeals are not principally focused on the violation hearing itself, which is a discrete, separate stage in the administrative proceeding, and potentiallly subject to Vt. R. Civ. P. 75 review following administrative review. *See* Interim Memo, #410.02 Furlough Violations, Appeal Process. There are, of course, cases in which the manner that the violation hearing was undertaken inevitably affects the Court's review under § 724—this case being an example—regardless whether the violation determination was separately appealed.

Finally, even if this proceeding otherwise might have been an appropriate avenue for this issue, Mr. Smedy has raised it in an untimely manner. The issue was never raised before final judgment, and the Court specifically ordered the DOC to conduct the new hearing, if it is to pursue the matter at all, on an extremely compressed timeframe because liberty issues hang in the balance. Reopening now to consider the question now presented would inevitably result in delay that the judgment specifically sought to avoid.

<u>Conclusion</u>

For the foregoing reasons, Mr. Smedy's Emergency Motion to Reopen is denied.

Electronically signed on Wednesday, August 21, 2024, per V.R.E.F. 9(d).


_____
Timothy B. Tomasi
Superior Court Judge